## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WAYNE LOWMACK,**

     **Plaintiff,**

                        **CASE NO.:**

**v.**

**AMERICAN AIR
CONDITIONING & HEATING
SOLUTIONS, LLC d/b/a
AMERICAN MECHANICAL
SOLUTIONS, a Florida Limited
Liability,**

     **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff WAYNE LOWMACK ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant AMERICAN AIR CONDITIONING & HEATING SOLUTIONS, LLC d/b/a AMERICAN MECHANICAL SOLUTIONS, a Florida Limited Liability ("Defendant"), and states as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA"), the Americans with Disabilities

Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.* and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, minimum wages, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2.      Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of his medical condition.

3.      Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against him.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA, 28 U.S.C. §1331 with federal questions involving the FLSA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendants in Hillsborough County, Florida.

5.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Hillsborough County, Florida.

2

6.     Defendant conduct business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

7.     Plaintiff is protected by Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.

8.     Plaintiff is protected by the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq.*

9.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10.     After investigating Plaintiff's Charge of Discrimination, the EEOC issued a right-to-sue letter dated March 3, 2021.

11.      Therefore this Complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## **PARTIES**

12.     At all times pertinent hereto, Plaintiff, WAYNE LOWMACK, has
        been a

resident of the State of Florida and was employed by Defendant, as a Foreman, beginning in approximately from October 2016 to October 4, 2019. Plaintiff is a member of protected class because of his disability and/or perceived disability.

13.     Defendant, a Florida Limited Liability Company, was, and continues to

be a Company providing service to air conditioning and heating units to their clients. Specifically, Defendant operates one of its branches from 8631 Twin Lake Blvd., Tampa, FL 33614 and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

14.    Defendants were an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

15.    At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FCRA, FMLA and ADA.

16.    At all times material to this action, Defendants were, and continues to be an "employer" within the meaning of the FCRA, FMLA and ADA.

17.    Defendants are an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

18.    At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within a 75 mile radius.

19.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him

4

taking leave which would be protected pursuant to the FMLA.

## COVERAGE

20.    At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21.    At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

22.    Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

23.    At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

a.    Engaged in commerce; or

b.    Engaged in the production of goods for commerce; or

c.    Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. air conditioners, air ducts, tools, and/or office supplies).

24.    Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

25.     Defendant is a company classified as an air conditioning and heating solutions company.

26.     Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

27.     Plaintiff was an employee of Defendant within the meaning of the FLSA.

28.     Plaintiff was given the title of "foreman" during his employment with Defendant.

29.     Plaintiff performed plumbing duties for Defendant from on or around October 2016 to October 4, 2019.

30.     Throughout his employment, Plaintiff earned an hourly rate in exchange for work performed for Defendant.

31.     On or around September 2019, Mr. Lowmack started facing serious health issues.

32.     On September 5, 2019, Mr. Lowmack was diagnosed with a neuro-appendix tumor.

33.     Plaintiff immediately notified Michael Westbrook (his immediate supervisor) and Chris Lisner that was diagnosed with cancer.

34.     At this time, Plaintiff was not informed by his supervisors or HR about FMLA leave, nor was he ever presented with a rights and responsibilities letter regarding FMLA.  This is a clear instance of FMLA interference.

35.     In fact, he was told that he did not need to worry about FMLA as well despite him asking about his eligibility for same.

36.     From September 6, 2019, until September 19, 2019, Plaintiff was out on medical leave (should have been FMLA protected leave, but for Defendant's FMLA interference) due to him requiring surgery to remove the tumors in his body.

37.     Upon returning, Plaintiff was given the run around regarding the duties that he could or couldn't perform.

38.     He was often told that there was "nothing for him to do" despite the fact that he was fully cleared to return to work by his physician.

39.     Moreover, after "working" for a few days, the Company then forced him to take an involuntary leave of absence and sent him home.

40.     Plaintiff requested to use his vested/banked PTO when he had his initial surgery and he asked again when the Company put him on involuntary medical leave, but the Company's response was that he was "too highly paid" so they refused to honor his request to use this benefit.  Again, this is yet another actionable claim under the Fair Labor Standards Act as well as an unpaid wages

claim under Florida law and a breach of contract claim for failing to pay Mr. Lowmack his PTO upon request while he was still employed.

41.    Thereafter, on the following Monday, Mr. Westbrook called Plaintiff stating that they needed help the installing units at the hospital job they had been working on.

42.    Plaintiff shows up on Monday morning and after waiting for some materials, Mr. Westbrook stated "they sent me here to release you, they said they no longer need you with the company" and would not state any other reason for his termination.

43.    Clearly, the Company perceived Plaintiff as being too disabled to work despite the fact that he was ready and able and medically cleared to do so.

44.    In addition, the Company interfered and retaliated against Plaintiff for attempting to invoke his rights to job-protected FMLA leave.

45.    Upon termination, Plaintiff's health insurance was cut off on October 4, 2019.

46.    Prior to his termination, Plaintiff had notified both Mr. Westbrook and Mr. Lisner of his need for a second surgery two (2) weeks prior to his termination. Thus, his unlawful termination and the abrupt cut-off of his health insurance while he was seeking life-saving cancer treatment was devastating to him.

47.     It was only after he notified the Company that he was going to take legal action that AMS begrudgingly reinstated his insurance so his second surgery would be covered, but just until the day of his second surgery on October 17, 2019.

48.     Also, to date, AMS is still in possession of Plaintiff's working tools, which need to be returned immediately.

49.     Plaintiff also did not receive any wages for the entirety of the thirteen (13) days he took off despite the fact that he has PTO available for his first surgery from Defendant.

50.     Plaintiff's gross weekly wages resulted in wages that fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA and the Florida Minimum Wage Act- Fla Stat. § 448.110, *et seq* ("FMWA").

51.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation to Plaintiff.

52.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

53.     Defendant had acted willfully in failing to pay Plaintiff in accordance with the law.

54.    Defendant failed to maintain proper time records as mandated by law.

55.    Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

56.    Based upon the above, Defendants have violated Fla. Const. Art. X § 24 and the FMWA by failing to pay the full minimum wage for each hour worked.

**COUNT I**
**FMLA INTERFERENCE**

57.    Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-56.

58.    Plaintiff was an employee entitled to the protection of the FMLA.

59.    Defendant was Plaintiff's employer as defined by the FMLA.

60.    Defendant's actions interfered with Plaintiff's lawful exercise of his rights under the FMLA.

61.    At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by never disclosing or presenting him with paperwork regarding his opportunity to request FMLA benefits after disclosing his cancer diagnosis.

62.    The Defendant's actions constitute violations of the FMLA.

63.    Defendant's violations of the FMLA were willful.

64.    As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost

wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

65.     Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT II - FMLA RETALIATION

66.     Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-56.

67.     Plaintiff was an employee entitled to the protection of the FMLA.

68.     Defendant was Plaintiff's employer as defined by the FMLA.

69.     Defendant discriminated and/or retaliated against Plaintiff for

asserting his Rights under the FMLA.

70.     Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

71.     Defendant's actions constitute violations of the FMLA.

72.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

73.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

74.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

75.     As a result of Defendant's actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

76.     Defendants' violations of the FMLA were willful.

77.     Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

   c.  Front pay and benefits;

   d.  Compensatory damages for emotional pain and suffering;

   e.  Injunctive relief;

   f.  Prejudgment interest;

   g.  Costs and attorney's fees; and

   h.  Such other relief as the Court may deem just and proper.

## COUNT III – DISCRIMINATION UNDER THE ADAAA

78.  Plaintiff realleges and adopts the allegations of paragraphs 1-56 above as if

fully set forth herein.

79.  Plaintiff was a qualified individual with a disability.

80.  Plaintiff was perceived as disabled by Defendant.

81.  Defendant was Plaintiff's employer as defined by the ADAAA.

82.  Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

83.  Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his actual and/or perceived disability.

84.  Defendant had actual or constructive knowledge of the discriminatory conduct.

85.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

86.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

87.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

88.     Defendant's violations of the ADAAA were willful.

89.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits and/or lost earning capacity;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Declaratory judgment that Defendants' practices violate the ADAAA;

h.      Costs and attorney's fees; and

i.      Such other relief as the Court may deem just and proper.

## COUNT IV
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

90.     Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-56.

91.     Plaintiff is a member of a protected class due to his disability/handicap or perceived disability/handicap.

92.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his disability/handicap or perceived disability/handicap in violation of the FCRA.

93.     Defendant knew or should have known of the discrimination.

94.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA

95.    Plaintiff realleges and adopts the allegations of paragraphs 1-56 above as if fully set forth herein.

96.    Plaintiff requested a reasonable accommodation under the ADAAA.

97.    Plaintiff engaged in protected activity when he complained to Defendant regarding disparate treatment based on his disability which resulted in discriminatory treatment and his eventual termination.

98.    Plaintiff's supervisors and Defendant's corporate officers' treatment of

Plaintiff became worse after Plaintiff's complaints of disability discrimination, Defendant's failure to accommodate, Defendant's failure to provide him with his PTO pay while on leave and Defendant's FLSA violations.

99.    Plaintiff was terminated in retaliation for complaining about his disability.

100.   This retaliation resulted in Plaintiff's termination.

16

101. Such retaliation was within close temporal proximity to Plaintiff engaging in protected activity.

102. By the conduct described above, Defendant retaliated against Plaintiff because he engaged in protected activities in violation of the ADAAA.

103. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

104. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Damages for mental anguish and emotional distress;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Declaratory judgment that Defendant's practices violate the ADAAA;

i.    Costs and attorney's fees; and

j.    Such other relief as the Court may deem just and proper.

17

## COUNT IV
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER THE FCRA

105.   Plaintiff re-alleges and adopts paragraphs 1-56 as though set forth fully herein.

106.   Plaintiff is a member of a protected class under the FCRA because he engaged in protected activities.

107.   Plaintiff engaged in protected activity when he complained to Defendant regarding disparate treatment based on his disability which resulted in discriminatory treatment and his eventual termination.

108.   Plaintiff's supervisors and Defendant's corporate officers' treatment of Plaintiff became worse after Plaintiff's complaints of disability discrimination.

109.   Shortly thereafter, Plaintiff was then terminated for his complaints of disability discrimination.  Thus, there is a close temporal proximity and a sufficient causal connection between Plaintiff's complaint regarding his disability discrimination and his termination.

110.   By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities by reporting the discriminatory conduct based on his age and the hostile work environment which the conduct was causing.

111.   Defendant has, with malice, or reckless indifference, violated the

18

dictates of the Florida Civil Rights Act, by intentionally discriminating against Plaintiff because of his age.

112.   Defendant had actual or constructive knowledge of the discriminatory conduct.

113.   Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

114.   Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

115.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

116.   Defendant's violations of the FCRA were willful.

117.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

118.   Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

     a.  Back pay and benefits;

     b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT V
## RECOVERY OF MINIMUM WAGES (FEDERAL)

119.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

120.   Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a non-exempt employee for Defendant pursuant to the FLSA.

121.   Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant pursuant to 29 C.F.R. 778.5.

122.   Defendant failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks throughout his employment with Defendant.

123.   Defendant was aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

124.   Despite its knowledge of these laws, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

125.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

126.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

127.   As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

128.   Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

a.   Awarding Plaintiff his unpaid minimum wages;

b.   Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c.   Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d.   Ordering any other further relief the Court deems just and proper.

## <u>COUNT VI – RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION/FLORIDA MINIMUM WAGE ACT- FLA. STAT. § 448.110)</u>

129.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

130.   Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

131.   Florida's minimum wage rate was $8.46 per hour in 2019 and $8.56 per hour in 2020.

132.   During his employment with Defendants, Plaintiff was not paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24 and Fla Stat. §448.110, *et seq*.

133.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

134.   Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

135.   As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

136.   Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate

## COUNT VII
## BREACH OF CONTRACT

137.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

138.   This count sets forth claims against Defendant for breach of contract under the common law of Florida.

139.   The Employment Agreement and/or offer letters pertaining to Plaintiff's services as an employee for Defendant referenced above constituted a valid and enforceable contract. Plaintiff is not in possession of such documents so Plaintiff is unable to attach same to this Complaint, but Defendant is in possession of same.

140.   Plaintiff fully and completely performed under such agreement by providing professional services as an employee on behalf of Defendant as described above.

141.   Defendant's refusal to compensate Plaintiff for his performance constitutes a material breach and/or series of breaches of the transacted arrangement.

142.   Plaintiff has been damaged by Defendant's breach of the agreement and is therefore entitled to compensatory damages in an amount sufficient to cover Plaintiff's expectation interest as well as any consequential damages incurred in his performance of the services rendered on behalf of Defendant.

## **JURY DEMAND**

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 28th day of May, 2020.

**/s/ Gregory R. Schmitz**
Gregory R. Schmitz
Florida Bar No.: 94694
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:  (407) 418 2079
Facsimile:   (407) 245-3390
Email: gschmitz@forthepeople.com
        mbarreiro@forthepeople.com
        aperez@forthepeople.com
*Attorney for Plaintiff*