UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE LOWMACK,

      Plaintiff,

v.                                           Case No: 8:21-cv-1310-KKM-JSS

AMERICAN AIR CONDITIONING
& HEATING SOLUTIONS, LLC,

      Defendant.

_____

**ORDER**

Wayne Lowmack sued his former employer, American Air Conditioning & Heating Solutions, LLC. He alleges that American Air violated his rights under federal and Florida law after he was diagnosed with cancer and began cancer treatment. American Air moves to dismiss the Complaint, arguing that it provides insufficient facts to satisfy the pleading standard. With two exceptions, the Court disagrees.

## I.   BACKGROUND[1]

American Air is an air conditioning and heating company that employs more than fifty employees. (Doc. 23 ¶¶ 18, 25.) For a time, Lowmack was one of those employees.

---

[1] The Court treats the factual allegations in Lowmack's Amended Complaint as true and construes them in the light most favorable to him. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

He started working for American Air as a plumber in October 2016. (*Id.* ¶¶ 12, 29.) Though paid on an hourly basis, he eventually earned the title of "foreman." (*Id.* at ¶¶ 28, 30.)

On September 5, 2019, Lowmack was diagnosed with a neuro-appendix tumor. (*Id.* ¶ 32.) Lowmack told his direct supervisor, Michael Westbrook, and Chris Lisner of his diagnosis. (*Id.* ¶ 33.) Despite this notice and Lowmack's questions about it, no one at American Air told Lowmack of his rights to medical leave under the Family Medical Leave Act. (*Id.* ¶¶ 34, 53.)

Lowmack had surgery on September 6, 2019, and was unable to work for two weeks. (*Id.* ¶ 36.) During this time, American Air refused to give Lowmack paid time off. (*Id.* ¶ 40.) He returned to work on September 19, 2019. (*Id.* ¶ 36.) Despite Lowmack's ability to do some "or all of his regular duties with minor accommodations," American Air gave him "the run around" and told him that there was "nothing for him to do." (*Id.* ¶¶ 38.)

After this continued for a few days, American Air "forced [Lowmack] to take an involuntary leave of absence." (*Id.* ¶ 39.) American Air again refused to allow him to use paid time off. (*Id.* ¶ 40.) A few days later, Westbrook called Lowmack to a worksite and informed him that we "no longer need you with the company." (*Id.* ¶ 42.) American Air did not return Lowmack's work tools. (*Id.* ¶ 48.)

American Air's decision to fire Lowmack came just two weeks after he informed the company that he would need a second surgery. (*Id.* ¶ 46.) American Air cut off Lowmack's health insurance after it fired him and initially refused to pay for the second surgery. In response, Lowmack threatened to sue, which prompted American Air to reinstate his insurance to cover the second surgery. (*Id.* ¶ 47.)

After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Lowmack sued American Air. (Doc. 1.) Lowmack subsequently filed an Amended Complaint, (Doc. 23), which American Air moves to dismiss, (Doc. 27). Lowmack responds in opposition. (Doc. 30.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.   ANALYSIS

Lowmack's Amended Complaint brings seven claims against American Air for the events surrounding his termination. (Doc. 23.) Counts I and II allege that American Air interfered with Lowmack's FMLA rights and retaliated against him for trying to invoke those rights. Counts III and IV allege that American Air discriminated against Lowmack because of his medical disability in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA). Counts V and VI allege that American Air retaliated against Lowmack for complaining that he was suffering disparate treatment based on his medical disability in violation of the ADA and the FCRA. Finally, Count VII

alleges that American Air breached its contract with Lowmack by refusing to give him paid time off. American Air moves to dismiss, or in the alternative, for a more definitive statement of Lowmack's claims. (Doc. 27.)

## A. Subject Matter Jurisdiction over FMLA Claims in Counts I & II

The FMLA makes it unlawful for "any employer" to interfere with an individual's rights under the FMLA or to discriminate in its administration of FMLA rights. 29 U.S.C. § 2615(a). The FMLA constrains only a covered "employer," which it defines as one who "employs 50 or more employees." § 2611(4)(A). Similarly, the FMLA protects only "eligible employees," who it defines as individuals who work for employers with at least fifty employees. § 2611(2)(B)(ii); *see* § 2612(a) (limiting medical leave to "eligible employee[s]"); § 2614(a) (limiting the right to be restored to the same or an equivalent position after FMLA leave to an "eligible employee"). Thus, fifty employees is the key fact.

To state an FMLA claim, Lowmack must plausibly allege that he is an eligible employee, which in turn requires that American Air is a covered employer. The Amended Complaint does that. It alleges that American Air "employed 50 or more employees within a 75 mile radius" of where Lowmack worked. (Doc. 23 ¶ 18.) It further alleges that American Air "regularly misclassifies employees as independent contractors to avoid exceeding the threshold." (*Id.*) Thus, Lowmack plausibly alleges that he is a covered employee and that American Air is a covered employer.

American Air resists this conclusion. It argues that Lowmack's "status as an 'eligible employee'" is "a threshold jurisdictional question" that requires the Court to review extrinsic evidence to determine whether American Air in fact employed fifty or more employees. (Doc. 27 at 3–4.) American Air submits affidavits and copies of Florida records to show that it is not a covered employer. (*Id.* at 4; Doc. 27-1; Doc. 27-2; Doc. 27-3; Doc. 27-4.) If American Air is correct that its status as a covered employer implicates the Court's subject matter jurisdiction, then it would be appropriate to consider its evidence under Rule 12(b)(1) or under Rule 56. But American Air is not correct.

Subject matter jurisdiction "is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (quotation omitted). That is what American Air does here. In *Arbaugh*, the Supreme Court explained that if "Congress does not rank a statutory limitation coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. *Arbaugh* applied this rule to Title VII's requirement that an employer was covered only if it had at least 15 employees. The Court concluded that this requirement was not jurisdictional because Congress did not "clearly state[]" that it was jurisdictional. *Id.* at 515; *see Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (describing this as a "clear-statement principle"). Instead, it placed the requirement in a definitional section. *Arbaugh*, 546 U.S.

6

at 515. Accordingly, the Supreme Court concluded that defendant's motion to dismiss should have been processed under Rule 12(b)(6), not Rule 12(b)(1).

Likewise, the FMLA's fifty-employee threshold is not jurisdictional. *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356 (5th Cir. 2006) (concluding post-*Arbaugh* that the FMLA's definition of eligible employee "is a substantive ingredient of a plaintiff's claim for relief, not a jurisdictional limitation"); *Thomas v. Miller*, 489 F.3d 293, 296 n.3 (6th Cir. 2007) (same); *Rodriguez v. Accurate Painting of Nw. Fla., Inc.*, No. 3:20-cv-5920, 2021 WL 4078037, at *2 (N.D. Fla. Jan. 12, 2021) (Wetherell, J.) (same).[2] As in Title VII, it appears in a definitional section that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 515 (quotation omitted). Thus, the "threshold number of employees for application of [the FMLA] is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516.

Accordingly, the Court treats American Air's motion under Rule 12(b)(6) and refuses to consider evidence outside of the Complaint. *See La Grasta*, 358 F.3d at 845. Of

---

[2] Courts have extended *Arbaugh*'s rule to other statutes. *See, e.g., Boechler, P.C. v. Comm'r*, __ S. Ct. __, 2022 WL 1177496, at *3–5 (2022) (concluding that the thirty-day period to petition the Tax Court for review of an IRS decision is non-jurisdictional under *Arbaugh*); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 431, 435–36 (2011) (applying *Arbaugh*'s clear statement rule to the 120-day timeline for appeals from the Board of Veterans' Appeals); *Fernandez v. Centerplate/NBSE*, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (applying *Arbaugh* to the Fair Labor Standards Act); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (same); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008) (holding, in the light of *Arbaugh*, that the Age Discrimination in Employment Act's exhaustion requirement is not jurisdictional); *Daft v. Advest, Inc.*, 658 F.3d 583, 585 (6th Cir. 2011) (holding that the Employee Retirement Income Security Act's definition of a covered plan is not jurisdictional); *United States v. Prado*, 933 F.3d 121, 132–33 (2d Cir. 2019) (holding that the Maritime Drug Law Enforcement Act's requirement that a vessel be without nationality is not jurisdictional).

course, the "Court could treat the motion to dismiss as a motion for summary judgment, but the Court declines to do so here because [Lowmack] has not yet had any opportunity to conduct any discovery on the matters asserted." *Accurate Painting*, 2021 WL 4078037, at \*2 (internal citation and footnote omitted). Looking to the Complaint alone, the Court concludes that Lowmack adequately alleged that he is an eligible employee. (*See* Doc. 23 ¶ 18.)

This straightforward application of *Arbaugh* is complicated by pre-*Arbaugh* Eleventh Circuit precedent. Seven years before *Arbaugh*, the Eleventh Circuit held that the FMLA's employer qualifications is a threshold jurisdictional issue. *See Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999). In reaching that conclusion, *Wascura* relied primarily on two prior opinions. The first was *Douglas*, a Sixth Circuit opinion that reached the same result a year earlier. *See Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 608 (6th Cir. 1998). The second was *Virgo*, an Eleventh Circuit opinion holding that the definition of employer under Title VII was jurisdictional. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994).

*Arbaugh* knocked aside both of these decisions. *Arbaugh*'s holding that Title VII's definition of employer is *not* jurisdictional directly overrules the holding in *Virgo*. And *Arbaugh* fatally undermines *Douglas*. The Sixth Circuit acknowledged as much just a year after *Arbaugh*. *See Thomas*, 489 F.3d at 298 (explaining that the "Supreme Court

8

effectively overruled *Douglas*'s jurisdictional holding in *Arbaugh*"). Moreover, *Arbaugh* expressly overruled the decision that *Douglas* relied upon. *See id.*

Without these opinions for support, *Wascura* has only its own reasoning— reasoning that *Arbaugh* squarely rejects. *Arbaugh* replaces the "drive-by jurisdictional rulings" of cases like *Wascura* with a "bright line" rule: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 511, 516 (quotation omitted). That rule controls here. Thus, *Arbaugh* is "an intervening decision of the Supreme Court" that is "clearly on point" and conflicts with *Wascura. See Randall v. Scott*, 610 F.3d 701, 707 (11th Cir. 2010) (quotation omitted). *Wascura* is no longer good law. *See Rodriguez v. Digestive Health Physicians, P.L.*, No. 2:14-cv-14, 2014 WL 1576870, at *1 (M.D. Fla. Apr. 18, 2014) (Steele, J.) (reaching the same conclusion). *But see Cowman v. Northland Hearing Ctrs., Inc.*, 628 F. App'x 669, 671 (11th Cir. 2015) (per curiam) (referring to the FMLA employee-numerosity requirement as a "threshold jurisdictional issue" post-*Arbaugh* without mentioning *Arbaugh*).

Even if the fifty-employee threshold was jurisdictional, the issue is "intertwined with the substantive elements of [Lowmack's] claim and, thus, is properly reviewed at the motion to dismiss stage under Rule 12(b)(6), not Rule 12(b)(1)." *Accurate Painting*, 2021 WL 4078037, at *1 (citing *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003)); *see*

*Faulkner v. Woods Transp., Inc.*, 174 F. App'x 525, 527 n.4 (11th Cir. 2006) (per curiam) (explaining that "when the jurisdictional issue becomes intertwined with the merits of the claim," courts should resolve it under Rule 12(b)(6) or Rule 56).

Either way, the Court denies American Air's request to dismiss Counts I and II for lack of jurisdiction because Lowmack "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513.

### B. Estoppel and Waiver

The Complaint alleges that Lowmack informed his superiors at American Air that he would need a second surgery to address his cancer. (Doc. 23 ¶ 46.) Two weeks later, American Air fired Lowmack and "cut-off" his health insurance, refusing to pay for Lowmack's second surgery. (*Id.*) In response, Lowmack threatened "to take legal action." (*Id.* ¶ 47.) At that, American Air "reinstated his insurance." (*Id.*)

After reciting this account, American Air concludes that Lowmack is estoped from bringing this suit or waived his right to sue. (Doc. 27 at 5–8.) American Air is mistaken. It is not apparent from the face of the Complaint that Lowmack waived his right to sue or promised that he would not sue in return for continued health care coverage. *See Phillips v. Garrison Prop. & Cas.*, No. 2:19-cv-1727, 2020 WL 3118415, at *13 (N.D. Ala. May 12, 2020) (Ott, Mag. J.). American Air's motion to dismiss on this basis is denied.

### C. Failure to State a Discrimination Claim under the ADA or FCRA

To establish a prima facie case under the ADA or the FCRA, Lowmack must show that 1) he has a disability, 2) he is a qualified individual, and 3) he was discriminated against because of the disability. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007); *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000) (noting that the same analysis applies to ADA and FCRA discrimination claims). A plaintiff may satisfy the third element by showing that an employer failed to make reasonable accommodations for an employee's disability. *Holly*, 492 F.3d at 1262.

American Air argues that Counts III and IV, which allege discrimination in violation of the ADA and FCRA, should be dismissed because the Complaint does not sufficiently describe the alleged discrimination and because it does not allege that Lowmack requested an accommodation. (Doc. 27 at 8.) The Court disagrees on the former and agrees on the latter.

The Complaint adequately states the facts of Lowmack's discriminatory discharge and perceived-as-disabled claims because it contains a "short and plain statement of the claim." *Twombly*, 550 U.S. at 555. Lowmack alleges that American Air discriminated against him because of his cancer diagnosis and the concomitant need for surgeries and other medical treatment. (Doc. 23 at ¶¶ 73, 83.) It discriminated against him by refusing to offer him instructions on his rights under the FMLA, denying him paid time off,

11

denying him work upon his return from surgery, forcing him to take a leave of absence, and by firing him. (*Id.* ¶ 34, 37–40, 42.) These allegations give American Air "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (cleaned up and quotation omitted).

American Air fares better with its second argument. It contends that the Complaint does not allege that Lowmack asked for an accommodation. (Doc. 27 at 9.) The Court agrees.

For a failure to accommodate claim, the plaintiff must inform the employer of his disability and the need for an accommodation. *See Bagwell v. Morgan Cnty. Comm'n*, 676 F. App'x 863, 866 (11th Cir. 2017) (per curiam). "The employer's duty to provide a reasonable accommodation is not triggered unless the plaintiff makes a specific demand for an accommodation." *Id.* (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)). "An employee's failure to request a reasonable accommodation is fatal to the prima facie case" of a failure to accommodate claim. *Warren v. Volusia Cnty.*, 188 F. App'x 859, 863 (11th Cir. 2006). The employee must, "at a minimum," "request some change or adjustment in the workplace *and* must link that request to his disability." *Williamson v. Clarke Cnty. Dep't of Hum. Res.*, 834 F. Supp. 2d 1310, 1320 (S.D. Ala. 2011) (Steele, J.).

The Complaint does not allege that Lowmack affirmatively requested an accommodation for his disability. Instead, the Complaint alleges that Lowmack requested FMLA leave and paid time off, neither of which are accommodations. *See Gilliard v. Ga. Dep't of Corr.*, 500 F. App'x 860, 864 (11th Cir. 2012) (per curiam) ("The leave provisions of the FMLA are 'wholly distinct from the reasonable accommodation obligations of employers covered under the ADA.'" (quoting 29 C.F.R. § 825.702(a)). The Complaint also alleges that, following his first surgery, American Air "failed to engage in any interactive process with [Lowmack] whatsoever" and that it told him there was "nothing for him to do." (Doc. 23 ¶ 38.) But an employer's failure "to engage in an interactive process to find a reasonable accommodation" is irrelevant if the employee did not request an accommodation. *Warren*, 188 F. App'x at 861–62. And the Complaint does not allege that Lowmack made such a request. Even in his response to the motion to dismiss, Lowmack does not point to an accommodation request. (Doc. 30 at 9–10.) Since Lowmack does not allege that he requested an accommodation, the Court dismisses Counts III and IV to the extent they contain failure-to-accommodate claims.

Besides the argument above that the claims are "vaguely" alleged, (Doc. 27 at 8), American Air does not argue that Counts III and IV fail to state discriminatory discharge or perceived-as-disabled claims. Accordingly, the Court does not address whether the Complaint satisfies the elements of those claims. *See Adams v. Crestwood Med. Ctr.*, 504

F. Supp. 3d 1263, 1294 (N.D. Ala. 2020) (Johnson, J.) (explaining that the accommodation requirement does not apply to regarded-as-disabled claims); *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018) (describing denial of an accommodation as "[o]ne way" a plaintiff may establish a discriminatory discharge).

### D. Failure to State a Claim for Retaliation under ADA and FCRA

American Air makes similar arguments on Counts V and VI, which allege that American Air retaliated against Lowmack for protected activity under the ADA and the FCRA. This time, the Court disagrees wholly and not just in part.

The prima facie case of retaliation under the ADA and FCRA are the same. *See Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1336 (11th Cir. 2021). "Under the FCRA, to make out a prima facie case of retaliation, the plaintiff must show (1) that she engaged in a statutorily protected expression, (2) that she suffered an adverse employment action, and (3) that a causal link existed between the adverse action and her protected expression." *Id.*

Lowmack satisfies these elements. Lowmack "engaged in protected activity when he complained to [American Air] regarding disparate treatment based on his disability." (Doc. 23 ¶ 88.) Specifically, Lowmack complained of American Air's denial of paid time off to Lowmack "due to his disability," while "other similarly-situated employees were [given paid time off] upon request." (*Id.* ¶ 40.) And Lowmack suffered an adverse

14

employment action when American Air terminated him. Finally, the temporal proximity between Lowmack's complaints and his termination plausibly alleges a causal link. *See Matamoros*, 2 F.4th at 1336 (explaining that a plaintiff need only show that the acts were not "wholly unrelated" (quotation omitted)). In sum, Lowmack states a claim for retaliation under the FCRA and ADA.

### E. Contract Claim

A claim for breach of contract requires "(1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Count VII plausibly alleges these basic elements. The Complaint alleges that American Air breached Lowmack's employment contract by refusing "to compensate [him] for his performance." (Doc. 23 ¶ 114.) More specifically, American Air refused to allow Lowmack to use his accumulated paid time off during his first and second leaves of absence. (*Id.* ¶ 40.)

American Air argues that Count VII is too indefinite to state claims for breach of contract based on any denial of minimum wage or for denial of fringe benefits other than paid time off. (Doc. 27 at 13–15.) Lowmack does not contest the point. (Doc. 30 at 11.) And the Court agrees. Count VII is wholly premised on denial of paid time off; it does not reference any other breach of contract. Accordingly, the Court grants American Air's

motion to dismiss Count VII to the extent it alleges any contractual breach other than the denial of paid time off.

## IV.   CONCLUSION

For the most part, American Air's arguments miss the mark. Its assertions on jurisdiction, estoppel, and waiver stray wide. So do its arguments that the Complaint fails to put it on notice of the claims against it. Two points strike home. Counts III and IV do not sufficiently allege a failure-to-accommodate claim and the claim for breach of contract in Count VII is limited to American Air's denial of paid time off.

Accordingly, Defendant's Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. (Doc. 27.) The Court dismisses without prejudice the failure-to-accommodate claim in Counts III and IV and any claim for breach of contract not premised on the denial of paid time off in Count VII. Defendant's motion to dismiss is otherwise denied.

**ORDERED** in Tampa, Florida, on May 3, 2022.

Kathryn Kimball Mizelle
United States District Judge